■ SLG 625 Lessee, LLC, Appellant, v Neiman Marcus Group, Inc., Respondent. [978 NYS2d 130]—

Order, Supreme Court, New York County (Richard F. Braun, J.), entered July 18, 2012, which granted the petition seeking to vacate an arbitration award to the extent of extending petitioner landlord's compliance period to 45 days from the date of service of the order with notice of entry, and otherwise confirmed the award, unanimously affirmed, without costs.

Absent action taken by the arbitrator contrary to a provision in a parties' arbitration agreement, or which could constitute action taken in violation of public policy, the arbitrator is accorded "unfettered discretion" in matters submitted to him or her by consent of the parties (*Matter of Sprinzen [Nomberg]*, 46 NY2d 623, 630 [1979]). Here, the relevant lease provision determined a tenant's share of the building's escalating operat-

ing expenses; that provision was to be read in conjunction with an arbitration provision governing potential disputes arising from the landlord's allocation of increased annual building expenses to the tenant. Specifically, the arbitration provision stated, "The arbitrator conducting any arbitration shall be bound by the provisions of this lease and shall not have the power to add to, subtract from, or otherwise modify such provisions. Landlord and Tenant agree to sign all documents and to do all other things necessary to submit any such matter to arbitration further and agree to, and hereby do, waive any and all rights they or either of them may at any time have to revoke their agreement hereunder to submit to arbitration and to abide by the decision rendered hereunder." Thus, the arbitration provision authorized the arbitrator to enforce the broad discovery allowed the tenant—namely, the landlord's operating books and records that were relevant to the tenant's challenge to specified annual operating statements. Such an interpretative finding by the arbitrator will not be disturbed (*see Matter of Brown & Williamson Tobacco Corp. v Chesley*, 7 AD3d 368 [1st Dept 2004]).

The aforementioned lease provisions did not contain any language that would preclude the arbitrator from including a provision in the award that would resolve escalating expense issues against the landlord where the landlord failed to comply with the specified discovery outlined in the award. "An arbitrator's paramount responsibility is to reach an equitable result, and the courts will not assume the role of overseers to mold the award to conform to their sense of justice" (*Sprinzen* at 629). The arbitrator, in view of the landlord's stonewalling of discovery, fashioned an award to ensure the landlord's compliance with the award's discovery directives. The arbitrator's award rationally placed the ultimate burden upon the landlord to explain any failure on its part to produce relevant documents or information relative to its operation of its property. Concur—Mazzarelli, J.P., Sweeny, Moskowitz, Freedman and Clark, JJ.